United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABRAAN PUC CECILIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-9314 |
| | § | |
| MARTIN FRINK,[1] | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

The petitioner, Abraan Puc Cecilio, is currently in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Houston Contract Detention Facility in Houston, Texas. The petitioner is represented by counsel and has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), challenging his continued confinement.

The petitioner entered the United States from Mexico in or around November 2000. He has never been legally admitted to the United States. He was taken into ICE custody on October 3, 2026. The petition raises a single claim for relief: That the petitioner's continued detention without

---

[1] The Warden is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the Montgomery Processing Center. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

an individualized determination that he is a danger or a flight risk violates his Fifth Amendment right to due process of law.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[2] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. In Sosnava Rodriguez v. Vergara, No. 26-50183 (5th Cir. Oct. 23, 2026)(en banc) the Fifth Circuit held that, for immigrants who have never been legally admitted to the United States, there is no process due beyond that provided by Congress in 8 U.S.C. § 1225(b)(2)(A). That statute mandates detention for "applicants for admission," i.e., immigrants who are present in the United States but have not been legally admitted to the United States. Such immigrants, under Sosnava Rodriguez, are not entitled to an individualized hearing. The Fifth Circuit's en banc decision is binding on this Court.

Because the Fifth Circuit has determined that immigrants like the petitioner are subject to mandatory detention without an individualized hearing, the face of the petition shows that the petitioner is not entitled to relief. Accordingly, it is **ORDERED** that the petition (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE.**

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 26th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.